UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO. 2:09-CV-529-FtM-29-DNF

BRETT FIELDS,

    Plaintiff,

v.

MICHAEL J. SCOTT, in his official capacity
as Sheriff of Lee County, Florida;
PRISON HEALTH SERVICES, INC.,
a Tennessee corporation;
JOSEPH A. RICHARDS, JR., an individual, and;
BETTIE JOYCE ALLEN, an individual,

    Defendants.
_____/

## SECOND AMENDED COMPLAINT

Plaintiff, BRETT FIELDS, (hereinafter "FIELDS"), through his retained undersigned attorneys, files this Second Amended Complaint against the Defendants, MICHAEL J. SCOTT, in his official capacity as Sheriff of Lee County, Florida (hereinafter, "SHERIFF"); PRISON HEALTH SERVICES, INC., a Tennessee corporation, (hereinafter, "PHS"); JOSEPH A. RICHARDS, JR., an individual, (hereinafter, "RICHARDS"); and BETTIE JOYCE ALLEN, an individual, (hereinafter, "ALLEN"), and alleges:

### PRELIMINARY STATEMENT OF FACTS

1. This case is brought pursuant to 42 U.S.C. § 1983. Fields is a 27-year-old U.S. citizen residing in Lee County, Florida who was incarcerated in the Lee County jail system, in Lee County, Florida from about July 6, 2007 until about August 9, 2007.

Until late July, 2007 Fields was a pre-trial detainee. Thereafter, he was a convicted inmate, scheduled to complete his misdemeanor sentence on August 18, 2007.

2. Following his arrest on two misdemeanor charges, Fields entered the Lee County jail system on or about July 6, 2007 as a healthy young 25-year-old man. On July 10, 2007, Fields requested medical attention from Lee County jail staff regarding a wound on his left arm. On that date Fields met with a nurse employed by PHS who observed a red, swollen, pus-filled boil on Field's left arm. This PHS employee identified this wound as a furuncle (a boil caused by Staphylococci).

3. Two weeks later, on July 24, 2007 Fields requested medical attention in writing, completing an "Inmate Medical Request Form" and stating that the medication did not work and that the infection on his arm had not healed. This request for medical attention was ignored by PHS staff and SHERIFF'S employees at the jail.

4. In early August 2007 Fields began to suffer from severe back pains, difficulty ambulating, numbness and weakness in his lower extremities, and other symptoms. Starting on or about August 6, 2007 Fields began to plead further with PHS staff and Sheriff's employees for medical attention. Fields told them that he was having significant difficulty moving and had not urinated in days. These concerns and pleas for medical attention were ignored by Defendants.

5. On the morning of August 8, 2007 Fields met with a PHS nurse. During this encounter Fields gave her a history of his infection and the distinct neurological symptoms he was experiencing, including weakness and numbness in both his legs. "I can't even walk," Fileds told her. The nurse arranged for Fields to see a PHS physician's assistant.

6. When Fields presented to PHS physician's assistant Joseph A. Richards, Jr. later on August 8, 2007 he was confined to a wheelchair because he could no longer walk. Fields related to Richards a history of his apparent infection on his arm, its failure to heal, his recent alarming neurological symptoms, and intense pain in his back radiating to his lower extremities.

7. Richards ordered Tylenol be administered twice a day for the next three days, and had Fields returned to his cell. Despite the alarming and critical nature of Fields' symptoms and condition, Richards ordered that a follow-up examination not be performed until a week later. Once back in his cell, Fields, who could no longer could use his legs, dragged himself to a mattress where he remained until the early morning hours of August 9, 2007.

8. At this point Fields attempted to use the toilet in the cell by dragging himself across the floor. Once on the toilet Fields realized that all the muscles in his anus had stopped working and his rectum was protruding through his anus and was completely visible outside his body. (This condition is called rectal prolapse and describes a medical condition wherein the walls of the rectum protrude through the anus and hence, become visible outside the body due to sphincter paralysis).

9. Seeing Fields' condition, several of his cellmates summoned employees of Defendants who actually pushed Fields' rectum back into his body and removed him from the cell using a sheet. This occurred about 1 a.m. on August 9, 2007.

10. At this point Fields had no motor function in his lower extremities.

11. One PHS employee to witness this incident was Bettie Joyce Allen, RN. Allen noted that Fields was in extreme pain when he was removed from his cell and was

exhibiting signs of paralysis in his lower extreminities. Despite the grave and critical nature of these obvious symptoms, Allen noted that she would only have a doctor follow up with Fields in the morning. PHS then waited almost 12 hours to have a doctor to examine Fields.

12. Finally, on August 9, 2007 sometime afternoon Fields was transferred to Southwest Florida Regional Medical Center, where he presented with almost complete paralysis in his lower extremities.

13. Medical staff at Southwest Florida Regional Medical Center diagnosed Fields as suffering from a Methicillin-resistant Staphylococcus aureus (MRSA)-related epidural abscess in his spine causing paraplegia. Fields underwent surgery.

14. Despite two years and intense physical therapy, Fields still suffers partial paralysis in both legs. Fields' now permanent spinal injury could have easily been avoided had Defendants not been deliberately indifferent to Fields' obvious serious medical needs during his incarceration and provided him with basic medical care.

15. Defendants intentionally refused to provide and in fact did deny Fields minimally adequate medical care and treatment in violation of the Eighth and Fourteenth Amendments to the United States Constitution. Defendants knew, and even a lay person would recognize, that Fields had a serious medical condition requiring treatment in order to avoid substantial risk of harm. Defendants chose to deliberately disregard that risk.

## JURISDICTION AND VENUE

16. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). The substantive claims herein arise under 42 U.S.C. § 1983; and the Eighth and Fourteenth Amendments to the United States Constitution.

## PARTIES

17. At all times material, Fields is and was a citizen of the United States and a resident of Lee County, Florida, which is in the Middle District of Florida. Fields was incarcerated within the Lee County Jail system from about July 6, 2007 until about August 9, 2007. During this time frame he was within the custody and control of the Defendants.

18. Defendant Sheriff Michael Scott is responsible for the administration, operation and supervision of the Lee County jail system, and for the promulgation and enforcement of rules, regulations, policies, customs and practices relevant thereto and at all times pertinent hereto was acting in that capacity and under color of state law.

19. At all time relevant, Defendant Sheriff Michael Scott had a non-delegable duty to provide adequate medical care to prisoners within the Lee County jail system.

20. Defendant PHS is a Tennessee corporation which at all times relevant to this Complaint contracted with the Sheriff of Lee County and or Lee County to provide medical/health care to prisoners within the Lee County Jail system and at all times pertinent hereto, Defendant PHS was acting and under color of law.

21. Defendant RICHARDS is an individual Florida resident and a licensed Florida physician's assistant who at all times relevant to this Amended Complaint was acting under color of state law and was an employee or agent of PHS.

22. Defendant ALLEN is an individual Florida resident and a licensed Florida registered nurse who at all times relevant to this Amended Complaint was acting under color of state law and was an employee or agent of PHS.

**CONDITIONS PRECEDENT**

23.     Plaintiff has complied with all conditions precedent in this case and exhausted all applicable administrative remedies, or they have been waived.

**GENERAL FACTUAL ALLEGATIONS**

24.     Fields was incarcerated within the Lee County Jail system from about July 6, 2007 until about August 9, 2007 as both a pre-trial detainee, and later as a convicted inmate. During this time frame he was within the custody and control of the Defendants.

25.     During his incarceration, Defendants became aware that Fields had a serious medical condition that if not aadequately treated posed a substantial risk of serious harm.

26.     Despite being aware of Fields' serious medical condition requiring medical care, Defendants' purposefully or through deliberate indifference failed to provide Fields with the Constitutionally mandated level of care necessary to avoid the foreseeable consequence of an untreated Staphylococci infection accompanied by symptoms of paralysis.

27.     Despite recognizing that a previously healthy Fields was suffering from paralysis in his lower extremities, Defendants made no attempt to discover the cause of the paralysis or treat it in any meaningful way. Defendants provided such cursory treatment of Fields that it amounted to no treatment at all. This lack of treatment resulted in an unnecessary and wanton infliction of pain and permanent paralysis.

28.     Defendants' ignored and were deliberately indifferent to this serious medical condition with a full understanding that a sudden loss of motor function is

paralysis, is a critcal medical emergency, and can become permanent unless treated appropriately and quickly.

29.     At all times material to this Complaint, it was the policy, practice, custom and/or procedure of Defendants PHS and the Lee County Sheriff's Office Scott and/or their employees' who have final decision-making authority to: refuse and/or delay providing necessary medical testing and treatment to prisoners and pre-trial detainees; not to have a medical doctor available for rapid dispatch to examine an inmate with a medical emergency; delay or withhold medical treatment from prisoners who were to be released in the near future; not have a protocol in place for addressing neurological emergencies in prisoners; not have adequate follow-up, monitoring and treatment measures to place for addressing serious health issues arising in prisoners known to have MRSA. These policies, practices, customs and/or procedures constitute deliberate indifference to the known serious medical needs of Fields' and other prisoners within the Lee County Jail system.

## COUNT I
### (42 U.S.C. § 1983 Claim against Defendant Sheriff MIKE SCOTT in his Official Capacity)

30.     Fields re-adopts, incorporates by reference, and re-alleges Paragraphs 1 through 29 as fully set forth above.

31.     Count I is brought against Defendant Sheriff Scott in his official capacity pursuant to 42 U.S.C. § 1983 for deliberate indifference to the critical medical needs of Fields, as an individual with an uncontrolled Staphylococci/MRSA infection that required testing and treatment to prevent substantial health deterioration, paralysis and even death.

32.     The Lee County Sheriff's Office and/or its employees or agents, knew in July, 2007 that Fields had contracted Staphylococci/MRSA and that if the condition was

not adequately monitored and addressed it could result in serious irrepreble harm and even death.

33. By August 6, 2007 The Lee County Sheriff's Office and/or its employees or agents, knew that Fields' was suffering from severe neurological problems and had lost the ability to walk.

34. Despite the Lee County Sheriff's Office's and/or its employees' or agents' knowledge of Fields' serious medical needs, Defendant Sheriff's Office was deliberately indifferent to those serious medical needs in failing to provide the necessary care and treatment to Fields.

35. The Lee County Sheriff's Office and/or its employees or agents knew that taking no action and/or insufficient action could result in the rapid and permanent deterioration of Fields' health and even his death.

36. At all times relevant to this Complaint, it was Defendant Sheriff Scott's widespread custom, policy, practice and/or procedure to outright deny medical treatment of or be deliberately indifferent to the serious medical needs of Plaintiff and other prisoners/detainees incarcerated within the Lee County Jail system who had serious and potentially expensive medical problems.

37. As a direct and proximate result of the Sheriff's Office's institutional outright denial of medical treatment and/or deliberate indifference toward Fields' serious medical needs, Fields' suffered great physical injury, pain, discomfort and mental anguish in violation of Fields' Eighth and Fourteenth Amendment rights.

38. As a result, Fields suffered damages in an amount be determined at trial for his bodily injury and resulting pain and suffering, disability, disfigurement, mental

anguish, loss of capacity for the enjoyment of life, expenses for his care and treatment in an effort to alleviate and cure his injuries, and will continue to incur additional expenses in the future, loss of earnings, loss of ability to earn money. The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future. Fields also seeks reasonable attorneys' fees and costs, pre-judgment interest and further relief as the Court deems appropriate.

**WHEREFORE,** Mr. Fields respectfully requests this Court to (1) enter judgment declaring that the acts and omissions of Defendant Sheriff Scott, as set forth above, violate rights secured to Mr. Fields by the Eighth and Fourteenth Amendments to the Constitution of the United States, (2) that the Court award actual and compensatory damages to Mr. Fields, (3) the Court require Defendant Sheriff Scott to pay the legal costs and expenses herein including reasonable attorneys' fees, and (4) that the Court grant such further relief as it deems appropriate.

## COUNT II
### (42 U.S.C. § 1983 claim against Defendant PHS)

39. Fields re-adopts, incorporates by reference, and re-alleges Paragraphs 1 through 29 as fully set forth above.

40. Count II is brought against Defendant PHS pursuant to 42 U.S.C. § 1983 for deliberate indifference to the critical medical needs of Fields, as an individual with an uncontrolled Staphylococci/MRSA infection that required testing and treatment to prevent substantial health deterioration and even death.

41. PHS and/or its employees or agents, knew in July 2007 that Fields had contracted Staphylococci/MRSA and that if the condition was not adequately monitored and addressed it could result in serious irrepreble harm and even death.

42. By August 6, 2007 PHS and/or its employees or agents, knew that Fields' was suffering from severe neurological problems and had lost the ability to walk.

43. Despite knowledge of Fields' serious medical needs, PHS and/or its employees' or agents' was deliberately indifferent to those serious medical needs in failing to provide the necessary medical care and treatment to Fields.

44. PHS and/or its employees or agents knew that taking no action and/or insufficient action could result in the rapid and permanent deterioration of Fields' health and even his death.

45. At all times relevant to this Complaint, it was PHS's widespread custom, policy, practice and/or procedure to outright deny medical treatment of or be deliberately indifferent to the serious medical needs of Plaintiff and other prisoners/detainees incarcerated within the Lee County Jail system who had serious and potentially expensive medical problems.

46. As a direct and proximate result of the PHS's institutional outright denial of medical treatment and/or deliberate indifference toward Fields' serious medical needs, Fields' suffered great physical injury, pain, discomfort and mental anguish in violation of Fields' Eighth and Fourteenth Amendment rights.

47. As a result, Fields suffered damages in an amount be determined at trial for his bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses for his care and treatment in

an effort to alleviate and cure his injuries, and will continue to incur additional expenses in the future, loss of earnings, loss of ability to earn money. The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future. Fields also seeks reasonable attorneys' fees and costs, pre-judgment interest and further relief as the Court deems appropriate.

**WHEREFORE,** Fields respectfully requests this Court to (1) enter judgment declaring that the acts and omissions of Defendant PHS, as set forth above, violate rights secured to Fields by the Eighth and Fourteenth Amendments to the Constitution of the United States, (2) that the Court award actual, compensatory, and punitive damages to Fields, (3) the Court require Defendant PHS to pay the legal costs and expenses herein including reasonable attorneys' fees, and (4) that the Court grant such further relief as it deems appropriate.

## COUNT III
### (42 U.S.C. § 1983 claim against Defendant Richards)

48. Fields re-adopts, incorporates by reference, and re-alleges Paragraphs 1 through 29 as fully set forth above.

49. Count III is brought against Defendant Richards pursuant to 42 U.S.C. § 1983 for deliberate indifference to the critical medical needs of Fields, as an individual with an uncontrolled Staphylococci/MRSA infection that required testing and treatment to prevent substantial health deterioration and even death.

50. Richards knew that Fields had contracted Staphylococci/MRSA and that if the condition was not adequately monitored and addressed it could result in serious irrepreble harm and even death.

51.     By August 8, 2007 Richards knew that Fields' was suffering from severe neurological problems and had lost the ability to walk.

52.     Despite actual knowledge of Fields' serious medical needs, and that these needs required treatment in order to avoid a substantial risk of harm, Richards deliberately disregarded that risk, and was deliberately indifferent to those serious medical needs in failing to provide the necessary medical care and treatment to Fields.

53.     Richards knew that taking no action and/or insufficient action could result in the rapid and permanent deterioration of Fields' health and even his death.

54.      As a direct and proximate result of Richard's denial of medical treatment and/or deliberate indifference toward Fields' serious medical needs, Fields' suffered great physical injury, pain, discomfort and mental anguish in violation of Fields' Eighth and Fourteenth Amendment rights.

55.     As a result, Fields suffered damages in an amount be determined at trial for his bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses for his care and treatment in an effort to alleviate and cure his injuries, and will continue to incur additional expenses in the future, loss of earnings, loss of ability to earn money.  The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.  Fields also seeks reasonable attorneys' fees and costs, pre-judgment interest and further relief as the Court deems appropriate.

**WHEREFORE,** Fields respectfully requests this Court to (1) enter judgment declaring that the acts and omissions of Defendant Richards, as set forth above, violate rights secured to Fields by the Eighth and Fourteenth Amendments to the Constitution of

the United States, (2) that the Court award actual, compensatory, and punitive damages to Fields, (3) the Court require Defendant Richards to pay the legal costs and expenses herein including reasonable attorneys' fees, and (4) that the Court grant such further relief as it deems appropriate.

## COUNT IV
### (42 U.S.C. § 1983 claim against Defendant Allen)

56. Fields re-adopts, incorporates by reference, and re-alleges Paragraphs 1 through 29 as fully set forth above.

57. Count IV is brought against Defendant Allen pursuant to 42 U.S.C. § 1983 for deliberate indifference to the critical medical needs of Fields, as an individual with an uncontrolled Staphylococci/MRSA infection that required testing and treatment to prevent substantial health deterioration and even death.

58. Allen knew that Fields had contracted Staphylococci/MRSA and that if the condition was not adequately monitored and addressed it could result in serious irrepreble harm and even death.

59. By August 8, 2007 Allen knew that Fields' was suffering from severe neurological problems and had lost the ability to walk.

60. Despite actual knowledge of Fields' serious medical needs, and that these needs required treatment in order to avoid a substantial risk of harm, Allen deliberately disregarded that risk, and was deliberately indifferent to those serious medical needs in failing to provide the necessary medical care and treatment to Fields.

61. Allen knew that taking no action and/or insufficient action could result in the rapid and permanent deterioration of Fields' health and even his death.

62. As a direct and proximate result of Allen's denial of medical treatment and/or deliberate indifference toward Fields' serious medical needs, Fields' suffered great physical injury, pain, discomfort and mental anguish in violation of Fields' Eighth and Fourteenth Amendment rights.

63. As a result, Fields suffered damages in an amount be determined at trial for his bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses for his care and treatment in an effort to alleviate and cure his injuries, and will continue to incur additional expenses in the future, loss of earnings, loss of ability to earn money. The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future. Fields also seeks reasonable attorneys' fees and costs, pre-judgment interest and further relief as the Court deems appropriate.

**WHEREFORE,** Fields respectfully requests this Court to (1) enter judgment declaring that the acts and omissions of Defendant Allen, as set forth above, violate rights secured to Fields by the Eighth and Fourteenth Amendments to the Constitution of the United States, (2) that the Court award actual, compensatory, and punitive damages to Fields, (3) the Court require Defendant Allen to pay the legal costs and expenses herein including reasonable attorneys' fees, and (4) that the Court grant such further relief as it deems appropriate.

## **DEMAND FOR TRIAL BY JURY**

Fields demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: January 4, 2010

Respectfully submitted,

BY:    s/Dion J. Cassata
Dion J. Cassata
Fla. Bar No. 672564
*dion@cassatahanson.com*

Cassata & Hanson, P.L.
320 S.E. 10th Court
Fort Lauderdale, Florida 33316
Phone:       (954) 364-7803
Facsimile:   (954) 251-4787

GREG M. LAUER, P.A.
320 S.E. 10th Court
Fort Lauderdale, Florida 33316

Greg M. Lauer
Fla. Bar No.  652709
*greg@gregmlauer.com*

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 4, 2010 I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Middle District of Florida using the Court's Case Management/Electronic Case Filing (CM/ECF) system. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the below Service List in the manner specified.

s/Dion J. Cassata
Dion J. Cassata

## SERVICE LIST
*Fields v. Scott, et al.*
(All counsel or parties below have been served
via CM/ECF-generated Notice of Electronic Filing).

| COUNSEL FOR PLAINTIFF | COUNSEL FOR DEFENDANTS |
|---|---|
| Dion J. Cassata, Esq.<br>*dion@cassatahanson.com*<br><br>Cassata & Hanson, P.L.<br>320 S.E. 10th Court<br>Fort Lauderdale, Florida 33316<br>Phone:       (954) 364-7803<br>Facsimile:   (954) 251-4787 | Robert C. Shearman, Esq.<br>*robert.shearman@henlaw.com*<br><br>Henderson, Franklin, Starnes & Holt<br>Post Office Box 280<br>Fort Myers, Florida 33902-2080<br>Telephone: (239) 344-1346<br>Facsimile: (239) 344-1501<br><br>[Counsel for Defendant<br>Lee County Sheriff's Office] |
| Greg M. Lauer, Esq.<br>*greg@gregmlauer.com*<br><br>Greg M. Lauer, P.A.<br>320 S.E. 10th Court<br>Fort Lauderdale, Florida 33316<br><br>Phone:     (954) 533-4498<br>Facsimile: (954) 533-4501 | Gregg A. Toomey, Esq.<br>*gregg.toomey@henlaw.com*<br><br>Henderson, Franklin, Starnes & Holt<br>Post Office Box 280<br>Fort Myers, Florida 33902-2080<br>Telephone: (239) 344-1346<br>Facsimile: (239) 344-1501<br><br>[Counsel for Defendant<br>Prison Health Services, Inc.] |