UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
CASE NO.  2:09-CV-529-FtM-29-DNF

BRETT A. FIELDS, JR.

       Plaintiff,

v.

PRISON HEALTH SERVICES, INC.,
a Tennessee corporation;
JOSEPH A. RICHARDS, JR., an individual, and;
BETTIE JOYCE ALLEN, an individual,

       Defendants.

_____/

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORMS[1]

Plaintiff, BRETT A. FIELDS, JR., through his counsel, hereby suggests the following jury instructions, special interrogatories to the jury and verdict forms be used at trial.

Unless indicated otherwise, all attachments set forth below are the "standard" instructions and/or forms as set forth in the *Eleventh Circuit Pattern Jury Instructions - Civil Cases (2005).*

**The following are attached:**

**Attachment 1:**      **Preliminary Instructions Before Trial;** [2]

**Attachment 2:**      **"Stipulations" to be read before trial;** [3]

---

[1] Counsel for all parties are still conferring regarding finalizing a jointly proposed submission of jury instructions and verdict forms, and will endeavor to file such by Friday, March 11, 2011. As a courtesy to the Court, the final joint agreed jury instructions and verdict forms will be submitted to chambers in Microsoft Word and PDF format.

[2] "The Preliminary Instructions Before Trial constitute a complete charge designed to be given after the jury has been selected and sworn, but before the opening statements of counsel." Eleventh Circuit Pattern Jury Instructions (Civil Cases) (2005) (p. xii).

Instruction 1.3 (for use during trial as appropriate);

Attachment 3:      Court's Instructions To The Jury (following closing
                   arguments);[4]

**Attachment 3 Index of Jury Instructions**

Instruction 1:      Basic Instruction 1
                    11th Cir. Pattern Jury Instructions (Civil) (2005)

Instruction 2:      Pattern Instruction 2.2
                    Consideration Of The Evidence Duty To
                    Follow Instructions Corporate Party Involved
                    11th Cir. Pattern Jury Instructions (Civil) (2005)

Instruction 3:      Pattern Instruction 3
                    Credibility of Witnesses
                    11th Cir. Pattern Jury Instructions (Civil) (2005)

Instruction 4:      Pattern Instruction 4.2
                    Impeachment Of Witnesses
                    Inconsistent Statement And Felony Conviction
                    11th Cir. Pattern Jury Instructions (Civil) (2005)

Instruction 5:      Pattern Instruction 5.2
                    Expert Witnesses
                    When Expert Witness Fees Represent A
                    Significant Portion Of The Witness' Income
                    11th Cir. Pattern Jury Instructions (Civil) (2005)

Instruction 6:      Pattern Instruction 6.2
                    Burden Of Proof
                    When There Are Multiple Claims Or
                    When Both Plaintiff And Defendant Or
                    Third Parties Have Burden Of Proof
                    11th Cir. Pattern Jury Instructions (Civil) (2005)

Instruction 7:      Instruction adapted from:

---

[3] The agreed "Stipulations" at Attachment 2 are to be read following the preceding Preliminary Instructions Before Trial. These stipulated facts are taken from the Parties' Joint Pre-Trial Stipulation, [DE 86] (p. 4-5).

[4] These Jury Instructions are to follow the Court's presentation to the jury of the Eleventh Circuit Pattern "Preliminary Instructions Before Trial" and joint "Stipulations."

**Florida Pattern Jury Instruction 601.4**
**601.4  Multiple Claims, Numerous Parties,**
**Consolidated Cases (Re-organized 2010)**

**Instruction 8:**     **Instruction adapted from:**
**Schwartz & Pratt, Instruction 3.04.1 (as**
**modified).**
**Plaintiff's Status as Prisoner**
***Section 1983 Litigation: Jury Instructions*, 2003.**

**Instruction 9:**     **§ 1983 Substantive Instruction, adapted from:**
**Pattern Instruction 2.3.2**
**42 USC § 1983 Claims**
**Eighth Amendment Claim**
**Convicted Prisoner Alleging Deliberate**
**Indifference To Serious Medical Need**
**11th Cir. Pattern Jury Instructions (Civil) (2005)**

**Instruction 10:**    **"Deliberate Indifference" Instruction,**
**Adapted from:**
**Opinion & Order Denying Motion for Summary**
**Judgment [DE 89] p. 11-13, *Fields v. PHS, et al.***

**Instruction 11:**    **"Policy or Custom" Instruction, adapted from:**
**Pattern Jury Instruction 1.9.1 11th Cir. (2000)**
***Cottone v. Jenne*, 326 F.3d 1352 (11th Cir. 2003)**
***Cook v. Sheriff of Monroe County*, 402 F.3d**
**1092 (11th Cir. 2005).**
***Buckner v. Toro*, 116 F.3d 450 (11th Cir. 1997).**
***Pembaur v. City of Cincinnati*, 475 U.S. 469, 481**
**n.9, 10 (1986).**

**Instruction 12:**    **"Damages" Instruction, adapted from:**
**Florida Standard Civil Jury Instructions, 2007**
**Instruction Nos. 3.6, 6.1(b), 6.2(a)(b)(c), 6.10**

**Instruction 13:**    **Pattern Supplemental Damages Instruction 2.1**
**Punitive Damages In General**
**11th Cir. Pattern Jury Instructions (Civil) (2005)**

**Instruction 14:**    **Supplemental Damages Instruction 3.1**
**Mortality Tables - Actuarial Evidence**
**Life Expectancy In General**
**11th Cir. Pattern Jury Instructions (Civil) (2005)**

**Instruction 15:**   **Supplemental Damages Instruction 3.2**
         **Mortality Tables - Actuarial Evidence**
         **Life Expectancy In General**
         **11th Cir. Pattern Jury Instructions (Civil) (2005)**

**Instruction 16:**   **Pattern Supplemental Instruction 4.1**
         **Effect Of Income Taxes**
         **Recovery Of Take-Home Pay**
         **11th Cir. Pattern Jury Instructions (Civil) (2005)**

**Instruction 17:**   **Pattern Supplemental Damages Instruction 6.1**
         **Attorneys Fees And Court Costs**
         **11th Cir. Pattern Jury Instructions (Civil) (2005)**

**Instruction 18:**   **Pattern Instruction 7.1**
         **Duty To Deliberate**
         **When Only The Plaintiff Claims Damages**
         **11th Cir. Pattern Jury Instructions (Civil) (2005)**

**Instruction 19:**   **Pattern Instruction 8**
         **Election Of Foreperson**
         **Explanation Of Verdict Form(s)**
         **11th Cir. Pattern Jury Instructions (Civil) (2005)**

**Instruction 20:**   **Pattern Instruction 9**
         **Civil Allen Charge**
         **11th Cir. Pattern Jury Instructions (Civil) (2005)**

**Attachment 4:**   **Verdict Forms and Special Interrogatories to the Jury.**

Respectfully filed,

Dated: March 9, 2011      ATTORNEYS FOR PLAINTIFF

        Dion J. Cassata, P.A.
        320 S.E. 10th Court
        Fort Lauderdale, Florida 33316
        Phone:  (954) 364-7803
        Facsimile: (954) 251-4787

BY: <u>s/Dion J. Cassata</u>
   Dion J. Cassata
   Fla. Bar No. 672564
   *dion@cassatahanson.com*


   GREG M. LAUER, P.A.
   320 S.E. 10th Court
   Fort Lauderdale, Florida 33316
   Phone:  (954) 533-4498


### <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on March 11, 2011 I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Middle District of Florida using the Court's Case Management/Electronic Case Filing (CM/ECF) system. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the below Service List in the manner specified.

   <u>s/Dion J. Cassata</u>
   Dion J. Cassata

## <u>SERVICE LIST</u>
### *Fields v. Scott, et al.*
(All counsel or parties below have been served
via CM/ECF-generated Notice of Electronic Filing).

| COUNSEL FOR PLAINTIFF | COUNSEL FOR DEFENDANTS |
|---|---|
| Dion J. Cassata, Esq.<br>*dion@cassatahanson.com*<br><br>Dion J. Cassata, P.A.<br>320 S.E. 10th Court<br>Fort Lauderdale, Florida 33316<br><br>Telephone:   (954) 364-7803<br>Facsimile:   (954) 251-4787 | Gregg A. Toomey, Esq.<br>*GAT@bunnellwoulfe.com*<br><br>Bunnell & Woulfe, P.A.<br>1625 Hendry Street<br>Suite 203<br>Fort Myers FL 33901<br><br>Telephone:  (239) 337-1630<br>Facsimile:   (239) 337-0307<br><br>[Counsel for Defendant<br>Prison Health Services, Inc.] |
| Greg M. Lauer, Esq.<br>*greg@gregmlauer.com*<br><br>Greg M. Lauer, P.A.<br>320 S.E. 10th Court<br>Fort Lauderdale, Florida 33316<br><br>Telephone:   (954) 533-4498<br>Facsimile:   (954) 533-4501 | |

# ATTACHMENT 1

## PRELIMINARY INSTRUCTIONS BEFORE TRIAL

Ladies and Gentlemen:

You have now been sworn as the Jury to try this case. By your verdict you will decide the disputed issues of fact.

I will decide all questions of law and procedure that arise during the trial, and, before you retire to the jury room at the end of the trial to deliberate upon your verdict and decide the case, I will explain to you the rules of law that you must follow and apply in making your decision.

The evidence presented to you during the trial will primarily consist of the testimony of the witnesses, and tangible items including papers or documents called "exhibits."

**Transcripts Not Available**.      You should pay close attention to the testimony because it will be necessary for you to rely upon your memories concerning what the testimony was. Although, as you can see, the Court Reporter is making a stenographic record of everything that is said, typewritten transcripts will not be prepared in sufficient time or appropriate form for your use during your deliberations and you should not expect to receive them.

**Exhibits Will Be Available**.      On the other hand, any exhibits admitted in evidence during the trial will be available to you for detailed study, if you wish, during your deliberations. So, if an exhibit is received in evidence but is not fully read or shown to you at the time, don't be concerned because you will get to see and study it later during your deliberations.

*****

**Notetaking - Permitted**.     If you would like to take notes during the trial you may do so. On the other hand, of course, you are not required to take notes if you do not want to. That will be left up to you, individually.

If you do decide to take notes, do not try to write everything down because you will get so involved in notetaking that you might become distracted from the ongoing proceedings. Just make notes of names, or dates and places - - things that might be difficult to remember.

Also, your notes should be used only as aids to your memory, and, if your memory should later differ from your notes, you should rely upon your memory and not your notes.

If you do not take notes, you should rely upon your own independent recollection or memory of what the testimony was and you should not be unduly influenced by the notes of other Jurors. Notes are not entitled to any greater weight than the recollection or impression of each Juror concerning what the testimony was.

*****

During the trial you should keep an open mind and should avoid reaching any hasty impressions or conclusions. Reserve your judgment until you have heard <u>all</u> of the testimony and evidence, the closing arguments or summations of the lawyers, <u>and</u> my instructions or explanations to you concerning the applicable law.

Because of your obligation to keep an open mind during the trial, coupled with your obligation to then decide the case only on the basis of the testimony and evidence presented, you must not discuss the case during the trial in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence; and you

should avoid reading any newspaper articles that might be published about the case. You should also avoid seeing or hearing any television or radio comments about the trial.

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been nor should you draw any inferences or conclusions from the question itself.

During the trial it may be necessary for me to confer with the lawyers from time to time out of your hearing with regard to questions of law or procedure that require consideration by the court or judge alone. On some occasions you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

The order of the trial's proceedings will be as follows: In just a moment the lawyers for each of the parties will be permitted to address you in turn and make what we call their "opening statements." The Plaintiff will then go forward with the calling of witnesses and presentation of evidence during what we call the Plaintiff's "case in chief." When the Plaintiff finishes (by announcing "rest"), the Defendant[s] will proceed with witnesses and evidence, after which, within certain limitations, the Plaintiff may be permitted to again call witnesses or present evidence during what we call the "rebuttal" phase of the trial. The Plaintiff proceeds first, and may rebut at the end, because the law places the burden of proof or burden of persuasion upon the Plaintiff (as I will further

explain to you as a part of my final instructions).

When the evidence portion of the trial is completed, the lawyers will then be given another opportunity to address you and make their summations or final arguments in the case, after which I will instruct you on the applicable law and you will then retire to deliberate upon your verdict.

Now, we will begin by affording the lawyers for each side an opportunity to make their opening statements in which they may explain the issues in the case and summarize the facts they expect the evidence will show.

I caution you that the statements that the lawyers make now (as well as the arguments they present at the end of the trial) are not to be considered by you either as evidence in the case or as your instruction on the law. Nevertheless, these statements and arguments are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both sides. So I ask that you now give the lawyers your close attention as I recognize them for purposes of opening statements.

Preliminary Instructions (Note-Taking Permitted)
11th Circuit Pattern Jury Instructions (2005)

_____
GRANTED


_____
REFUSED

# ATTACHMENT 2

**<u>Stipulations of Fact</u>**

Members of the jury, the parties have agreed to certain facts. You must accept these facts as true.

The facts to which the parties stipulate, and thereby require no proof at trial, and which you must accept as true, are as follows:

i)      Mr. Fields was booked into the Lee County Jail as a pretrial detainee on July 6, 2007. He was a pre-trial detainee until late July, 2007 when he appeared in court and was sentenced. Thereafter, he was a convicted inmate, scheduled to complete his misdemeanor sentence on or about August 18, 2007.

ii)      At all times material to this action, the individual Defendants (Ms. Bettie Allen and Mr. Joseph Richards) were employees of Defendant Prison Health Services, Inc.

iii)      At all times material to this action, Defendant Prison Health Services, Inc. had a contract with the Lee County Sheriff's Office to provide medical care to inmates in the custody of the Lee County Jail system

Parties' Joint Pre-Trial Stipulation, [DE 86] (p. 4-5)

_____

GRANTED

_____

REFUSED

**JURY INSTRUCTION No. 1.3**
**(TO BE USED WHEN DISCOVERY PRESENTED, as appropriate)**

**INTERROGATORIES, STIPULATIONS AND ADMISSIONS**

**a. Interrogatories:**

Members of the jury, answers to interrogatories will now be read to you. Interrogatories are written questions that have been presented before trial by one party to another. They are answered under oath. You are to consider and weigh these questions and answers as you would any other evidence in the case.

**b. Stipulations:**

[See "Stipulations" above.  To be read before trial and as requested and/or appropriate].

**c.  Admissions:**

Members of the jury, (identify the party or parties that have admitted the facts) [has][have] admitted certain facts. You must accept these facts as true. (Read the admissions.)

Florida Pattern Jury Instruction 1.3.

_____
GRANTED

_____
REFUSED

# ATTACHMENT 3

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
CASE NO.  2:09-CV-529-FtM-29-DNF

BRETT A. FIELDS, JR.

      Plaintiff,

v.

PRISON HEALTH SERVICES, INC.,
a Tennessee corporation;
JOSEPH A. RICHARDS, JR., an individual, and;
BETTIE JOYCE ALLEN, an individual,

      Defendants.

_____/

**COURT'S INSTRUCTIONS TO THE JURY**
**(Face Page)**

## JURY INSTRUCTION NUMBER 1

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

Basic Instruction 1
Pattern Jury Instruction 11th Circuit (2005)

_____
GRANTED


_____
REFUSED

## JURY INSTRUCTION NUMBER 2

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

Pattern Instruction 2.2
Pattern Jury Instruction 11th Circuit (2005)


_____
GRANTED


_____
REFUSED

## JURY INSTRUCTION NUMBER 3

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

Pattern Instruction 3
Pattern Jury Instruction 11th Circuit (2005)

_____
GRANTED

_____
REFUSED

## **JURY INSTRUCTION NUMBER 4**

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe the testimony of that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Pattern Instruction 4.2
Pattern Jury Instruction 11th Circuit (2005)

_____
GRANTED

_____
REFUSED

## JURY INSTRUCTION NUMBER 5

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

When a witness has been or will be paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such a witness where court testimony is given with regularity and represents a significant portion of the witness' income.

Pattern Instruction 5.2
Pattern Jury Instruction 11th Circuit (2005)

_____
GRANTED

_____
REFUSED

## <u>JURY INSTRUCTION NUMBER 6</u>

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

Pattern Instruction 6.2
Pattern Jury Instruction 11th Circuit (2005)

_____
GRANTED

_____
REFUSED

## JURY INSTRUCTION NUMBER 7

In your deliberations, you will consider and decide three distinct claims.

1.      The claim against PRISON HEALTH SERVICES, INC.;

2.      the claim against JOSEPH A. RICHARDS;

3.      the claim against BETTIE JOYCE ALLEN.

Although these claims have been tried together, each is separate from the other[s], and each party is entitled to have you separately consider each claim as it affects that party. Therefore, in your deliberations, you should consider the evidence as it relates to each claim separately, as you would had each claim been tried before you separately.

Adapted from Florida Pattern Jury Instruction 601.4 (2010)

_____
GRANTED

_____
REFUSED

## **JURY INSTRUCTION NUMBER 8**

The fact that the Plaintiff was a prisoner at the time of the alleged violation has absolutely no bearing on his constitutional right to be free from cruel and unusual punishment or on his right to recover damages if you find, based on the evidence which has been developed in this trial, that his rights have been violated. You should evaluate his credibility in the same way that you would evaluate the credibility of any witness.

Schwartz & Pratt, Instruction 3.04.1 as modified

_____
GRANTED

_____
REFUSED

## <u>JURY INSTRUCTION NUMBER 9</u>

In this case the Plaintiff claims that each Defendant, while acting "under color" of state law, intentionally violated the Plaintiff's rights under the Constitution of the United States.

Specifically, the Plaintiff claims that while the Defendants were acting under color of state law the Defendants intentionally violated the Plaintiff's right not to be subjected to cruel and unusual punishment under the Eighth Amendment to the Constitution.

More specifically, the Plaintiff claims that each Defendant was deliberately indifferent to the Plaintiff's serious medical needs.

Under the Eighth Amendment anyone who is convicted and detained under state law is entitled to necessary medical care, and any individual or corporate entity acting under color of law would violate that right if they were deliberately indifferent to an inmate's serious medical need. Stated another way, to be deliberately indifferent to an inmate's serious medical need amounts to the imposition of cruel and unusual punishment in violation of the Eighth Amendment.

A "serious medical need" is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a lay person would easily recognize the necessity for prompt medical attention.

Notice, however, that deliberate or intentional conduct on the part of the jail medical professional or jail staff member is required before any violation of the Constitution occurs. Mere negligence or a lack of reasonable care on the part of the jail medical professional or jail staff member is not enough; the Plaintiff must prove deliberate and intentional conduct resulting in a deprivation of the Plaintiff's

constitutional rights through the infliction of cruel and unusual punishment.

In order to establish his claim, therefore, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

**First:**     **That the Plaintiff had a "serious medical need," as previously defined;**

**Second:**     **That the Defendant was aware of the Plaintiff's serious medical need;**

**Third:**      **That the Defendant with deliberate indifference, failed to provide the necessary medical care;**

**Fourth:**     **That in so doing the Defendant acted "under color" of state law; and**

**Fifth:**     **That the Defendant's acts were the proximate or legal cause of the damages sustained by the Plaintiff.**

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

**With regard to the fourth required element of proof - - that the Defendants acted "under color" of state law - - that fact is not disputed in this case and you may accept that fact as proved as to each Defendant in this case.** A medical staff member working in a jail and charged with providing medical treatment to prisoners (such as JOSEPH A. RICHARDS, JR. and BETTIE JOYCE ALLEN) and a private corporation contracted to provide medical treatment to prisoners within a jail (such as PRISON HEALTH SERVICES, INC.) are acting under color of state law and are therefore subject to suit under the laws applicable to this case.

With regard to the fifth required element of proof - - that a Defendant's acts were the proximate or legal cause of damages sustained by the Plaintiff - - remember that for damages to be the proximate or legal result of a constitutional deprivation, it must be shown that, except for the constitutional deprivation, such damages would not have occurred.

If you find for the Plaintiff and against one or more of the Defendants, you will then consider the Plaintiff's claim for damages.

In considering the issue of the Plaintiff's damages, you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize one or more of the Defendants. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they also cover both the mental and physical aspects of Plaintiff's injury - - tangible and intangible. Thus, no evidence of the value of such intangible things as physical and emotional pain and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

    **(a)**    **Physical as well as emotional pain and mental anguish;**
    **(b)**    **Nominal damages (as explained in these instructions);**
    **(c)**    **Punitive damages, if any (as explained in these instructions).**

You are authorized to award $1 in nominal damages if you find for the Plaintiff but also find that Plaintiff's damages have no monetary value.

The Plaintiff also claims that the acts of each Defendant were done with malice or reckless indifference to the Plaintiff's federally protected rights so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages.

If you find for the Plaintiff, and if you further find that any Defendant did act with malice, or reckless indifference to the Plaintiff's federally protected rights, the law would allow you, in your discretion, to assess punitive damages against that Defendant as punishment and as a deterrent to others.

If you find that punitive damages should be assessed against a Defendant, you may consider the financial resources of the Defendant in fixing the amount of such damages and you may assess punitive damages against one or more of the Defendants, and not others, or against more than one Defendant in different amounts.

Pattern Instruction 2.3.2 (as modified)
Pattern Jury Instruction 11th Circuit (2005)

_____
GRANTED

_____
REFUSED

## JURY INSTRUCTION NUMBER 10
### (Deliberate Indifference)

To prevail on his claims, the Plaintiff must prove by a preponderance of the evidence that he had an objectively serious medical need, that Defendants acted with deliberate indifference to that need, and that his injuries were caused by Defendants' wrongful conduct.

To show that Defendants Richards and Allen were deliberately indifferent to his medical needs, Plaintiff must offer some proof that Defendants: (1) were subjectively aware of a serious risk to Plaintiff's health, and (2) that Defendants disregarded that risk by (3) following a course of action which constituted more than mere negligence.

A complete denial of readily available treatment for a serious medical condition obviously constitutes deliberate indifference. Circumstantial evidence can be used to establish subjective awareness and deliberate indifference.

Even where medical care is ultimately provided, a jail medical staff member may nonetheless act with deliberate indifference by delaying the treatment of serious medical needs, even for a period of hours, though the reason for the delay and the nature of the medical need is relevant in determining what type of delay is constitutionally intolerable.

A plaintiff seeking to show that a delay in medical treatment amounted to deliberate indifference must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed.

Deliberate indifference may be established by a showing of grossly inadequate care, as well as by a decision to take an easier but less efficacious course of treatment. Moreover, when the need for treatment is obvious, medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference.

Adapted from case law.

_____
GRANTED

_____
REFUSED

## JURY INSTRUCTION NUMBER 11
### ("Policy or Custom" Instruction)

The rules of law that apply to Plaintiff's claims against

Ordinarily, a corporation is legally responsible for the acts of its employees carried out in the regular course of their job duties as employees. This is known in the law as the doctrine of "respondeat superior" which means "let the superior respond" for any losses or injuries wrongfully caused by its employees in the performance of their jobs. This doctrine does not apply, however, in a case such as this where the Plaintiff claims a violation of constitutional rights.

In this case, the corporate defendant, PRISON HEALTH SERVICES, INC., can be held liable only if you find that the deprivation of the Plaintiff's constitutional rights was the direct result of the corporation's execution of a policy or custom. With claims against corporations providing traditionally public functions (such as here, where a private corporation has a contract with a governmental entity to provide medical care to prisoners within a jail), the corporate entity is responsible only when an injury is inflicted through the execution of its policy or custom, whether made by its policymakers or by those whose edicts or acts may be fairly said to represent official policy or custom. It is not enough merely to show that a corporate employee caused the Plaintiff's injury.

A "policy" often refers to formal rules or understandings -often but not always committed to writing- that are intended to, and do, establish fixed plans of action to be followed under similar circumstances consistently and over time. For the purposes of this case, the description of "policy" is consistent with the word's ordinary definition. For example, Webster's defines the word as "a specific decision or set of decisions designed

to carry out such a chosen course of action." Webster's Third New International Dictionary 1754 (1981).

"Custom" means any permanent, widespread, well-settled practice or custom that constitutes a standard operating procedure of the defendant corporation. A corporation may be held liable for constitutional deprivations visited pursuant to a company "custom" even though such a custom has not received formal approval through the corporation's official decision-making channels.

A corporate entity may not be held liable for a policy or custom unless that policy or custom demonstrates a deliberate indifference to a substantial risk of serious harm, and there is a direct causal link between the policy or custom and the injury suffered by Plaintiff. In considering this issue, "deliberate indifference" exists if the official custom or policy disregards knowledge of a strong likelihood rather than a mere possibility that a serious risk of harm will occur.

Adapted from case law.

_____

GRANTED

_____

REFUSED

## JURY INSTRUCTION NUMBER 12

If you find for Defendants, you will not consider the matter of damages. But, if you find for the Plaintiff you should you should award Plaintiff an amount of money that the greater weight of the evidence shows will fairly and adequately compensate him for such injury, including any such damage as Plaintiff is reasonably certain to incur in the future. You shall consider the following elements:

1.     Any bodily injury sustained by the Plaintiff and any resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, experienced in the past or to be experienced in the future. There is no exact standard for measuring such damage. The amount should be fair and just in light of the evidence.

2.     The reasonable expense of hospitalization and medical and nursing care and treatment necessarily or reasonably obtained by the Plaintiff in the past or to be so obtained in the future.

3.     Any loss of ability to earn money sustained in the past and any such loss in the future.

Any amount of damages which you allow for future medical expenses or loss of ability to earn money in the future, should be reduced to its present money value. The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate the Plaintiff for these losses as they are actually experienced in future years.

Adapted from Florida Standard Civil Jury Instructions, 2007
Instruction Nos. 3.6, 6.1(b), 6.2(a)(b)(c), 6.10

_____
GRANTED

_____
REFUSED

## JURY INSTRUCTION NUMBER 13

The Plaintiff also claims that the acts of the Defendant were done with malice or reckless indifference to the Plaintiff's federally protected rights so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages.

If you find for the Plaintiff, and if you further find that the Defendant did act with malice or reckless indifference to the Plaintiff's federally protected rights, the law would allow you, in your discretion, to assess punitive damages against the Defendant as punishment and as a deterrent to others.

When assessing punitive damages, you must be mindful that punitive damages are meant to punish the Defendant for the specific conduct that harmed the Plaintiff in the case and for only that conduct. For example, you cannot assess punitive damages for the Defendant being a distasteful individual or business. Punitive damages are meant to punish the Defendant for this conduct only and not for conduct that occurred at another time. Your only task is to punish the Defendant for the actions [it] [he] [she] took in this particular case.

If you find that punitive damages should be assessed against the Defendant, you may consider the financial resources of the Defendant in fixing the amount of such damages and you may assess punitive damages against one or more of the Defendants, and not others, or against more than one Defendant in different amounts.

Pattern Supplemental Damages Instruction 2.1
Pattern Jury Instruction 11th Circuit (2005)

_____
GRANTED


_____
REFUSED

## JURY INSTRUCTION NUMBER 14

If a preponderance of the evidence shows that the Plaintiff has been permanently injured, you may consider the Plaintiff's life expectancy. The mortality tables received in evidence may be considered in determining how long the claimant may be expected to live. Bear in mind, however, that life expectancy as shown by mortality tables is merely an estimate of the average remaining life of all persons in the United States of a given age and sex having average health and ordinary exposure to danger of persons in that group. So, such tables are not binding on you but may be considered together with the other evidence in the case bearing on the Plaintiff's own health, age, occupation and physical condition, before and after the injury, in determining the probable length of the Plaintiff's life.

Pattern Supplemental Instruction 3.1
Pattern Jury Instruction 11th Circuit (2005)

_____
GRANTED

_____
REFUSED

## JURY INSTRUCTION NUMBER 15

When considering life expectancy in determining future damages, you should bear in mind, of course, the distinction between entire life expectancy and work life expectancy, and those elements of damage related to future income should be measured only by the Plaintiff's remaining work life expectancy.

Pattern Supplemental Instruction 3.2
Pattern Jury Instruction 11th Circuit (2005)

_____
GRANTED

_____
REFUSED

### JURY INSTRUCTION NUMBER 16

Under the law, any award made to the Plaintiff in this case for past or future lost earnings is not subject to federal or state income tax. Therefore, in computing the amount of any damages that you may find the Plaintiff is entitled to recover for lost earnings, the Plaintiff is entitled to recover only the net, after-tax income. In other words, the Plaintiff is entitled to recover only "take-home pay" that you find the Plaintiff has lost in the past, or will lose in the future.

Pattern Supplemental Instruction 4.1
Pattern Jury Instruction 11th Circuit (2005)

_____
GRANTED

_____
REFUSED

## <u>JURY INSTRUCTION NUMBER 17</u>

If you find for the Plaintiff you must not take into account any consideration of attorneys fees or court costs in deciding the amount of Plaintiff's damages. The matter of attorney's fees and court costs will be decided later by the Court.

Pattern Supplemental Damages Instruction 6.1
Pattern Jury Instruction 11th Circuit (2005)

_____
GRANTED

_____
REFUSED

## JURY INSTRUCTION NUMBER 18

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Pattern Instruction 7.1
Pattern Jury Instruction 11th Circuit (2005)

_____
GRANTED

_____
REFUSED

## JURY INSTRUCTION NUMBER 19

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

Pattern Instruction 8
Pattern Jury Instruction 11th Circuit (2005)

_____
GRANTED

_____
REFUSED

## JURY INSTRUCTION NUMBER 20
## (CIVIL ALLEN CHARGE)
(TO BE GIVEN ONLY IF NEEDED)

Members of the jury, I'm going to ask that you continue your deliberations in an effort to reach agreement upon a verdict and dispose of this case; and I have a few additional thoughts or comments I would like for you to consider as you do so.

This is an important case. The trial has been expensive in terms of time, effort, money and emotional strain to both the plaintiff and the defense. If you should fail to agree on a verdict, the case is left open and may have to be tried again. A second trial would be costly to both sides, and there is no reason to believe that the case can be tried again, by either side, better or more exhaustively than it has been tried before you.

Any future jury would be selected in the same manner and from the same source as you were chosen, and there is no reason to believe that the case could ever be submitted to a jury of people more conscientious, more impartial, or more competent to decide it or that more or clearer evidence could be produced on behalf of either side.

As stated in my previous instructions, it is your duty to consult with one another and to deliberate with a view to reaching agreement if you can do so without violence to your individual judgment. Of course, you must not surrender your honest convictions as to the weight or effect of the evidence solely because of the opinions of other jurors or for the mere purpose of returning a verdict. Each of you must decide the case for yourself, but you should do so only after consideration of the evidence with your fellow jurors.

In the course of your deliberations you should not hesitate to reexamine your own views, and to change your opinion if you are convinced it is wrong. To bring your minds to a unanimous result you must examine the questions submitted to you openly and

frankly, with proper regard to the opinions of others and with a disposition to reexamine your own views.

If a substantial majority of your number are for a verdict for one party, each of you who hold a different position ought to consider whether your position is a reasonable one since it makes so little impression upon the minds of so many equally honest and conscientious fellow jurors who bear the same responsibility, serve under the same oath, and have heard the same evidence.

You may conduct your deliberations as you choose, but I suggest that you now carefully reexamine and consider all the evidence in the case bearing upon the questions before you in light of the court's instructions on the law.

You may be as leisurely in your deliberations as the occasion may require and you may take all the time that you may feel is necessary. I remind you that in your deliberations you are to consider the instructions I have given to you as a whole. You should not single out any part of any instruction, including this one, and ignore others.

You may now retire and continue your deliberations.

Pattern Instruction 9
Civil Allen Charge
Pattern Jury Instruction 11th Circuit (2005)

_____
GRANTED

_____
REFUSED

# ATTACHMENT 4

## <u>SPECIAL INTERROGATORIES</u><br><u>TO THE JURY</u>

**We, the Jury, return the following verdict:**

**Do you find from a preponderance of the evidence:**

1.    That the Plaintiff had a "serious medical need," as defined in the Court's instructions?

Answer Yes or No _____.

Note:  If you answered "No" to Question 1, skip the remaining questions and have your foreperson sign this verdict form at the bottom of the last page.

2.    That Defendant was aware of the Plaintiff's serious medical need?

<b><u>As to Defendant Prison Health Services, Inc.:</u></b>

Answer Yes or No _____.

<b><u>As to Defendant Joseph A. Richards:</u></b>

Answer Yes or No _____.

<b><u>As to Defendant Bettie Joyce Allen:</u></b>

Answer Yes or No _____.

Note:  Regarding Question 2, if you answered "Yes" as to one or more defendants proceed to Question 3 only with respect to those defendants as to whom you answered "Yes."  If you answered "No" as to all defendants in Question 2, skip the remaining questions and have your foreperson sign this verdict form at the bottom of the last page.

3.     That the Defendant was deliberately indifferent to the Plaintiff's serious medical need?

### As to Defendant Prison Health Services, Inc.:

Answer Yes or No _____.

### As to Defendant Joseph A. Richards:

Answer Yes or No _____.

### As to Defendant Bettie Joyce Allen:

Answer Yes or No _____.

Note:  Regarding Question 3, if you answered "Yes" as to one or     more defendants proceed to Question 4 only with respect to those defendants as to whom you answered "Yes."  If you answered "No" as to all defendants in Question 3, skip the remaining questions and have your foreperson sign this verdict form at the bottom of the last page.

4.     That the Defendant's acts were the proximate or legal cause of damages sustained by the Plaintiff?

### As to Defendant Prison Health Services, Inc.:

Answer Yes or No _____.

### As to Defendant Joseph A. Richards:

Answer Yes or No _____.

### As to Defendant Bettie Joyce Allen:

Answer Yes or No _____.

Note:  Regarding Question 4, if you answered "Yes" as to one or more defendants proceed to Question 5 and later questions only with respect to those defendants as to whom you answered "Yes."  If you answered "No" as to all defendants in Question 4, skip the remaining questions and have your foreperson sign this verdict form at the bottom of the last page.

5.      That the Plaintiff should be awarded damages to compensate for lost earnings in the past, loss of earning capacity in the future, medical expenses incurred in the past, and medical expenses to be incurred in the future?

        Answer Yes or No _____.

5(a).   If you answered "Yes" to Question 5, what is the total amount of Plaintiff's damages for lost earnings in the past, loss of earning capacity in the future, medical expenses incurred in the past, and medical expenses to be incurred in the future?

        $_____.

5(b).   Listed in column (1) below are the defendants whose deliberate indifference you could have found to have proximately caused the damages to the Plaintiff addressed in question 5. Please list in column (2) the dollar amount of actual damages caused by that defendant. (The total of the amounts in column (2) must equal the amount in your answer to question 5(a)).

| (1) Defendant(s) | (2) $ Amount |
|---|---|
| PRISON HEALTH SERVICES, INC. | |
| JOSEPH A. RICHARDS | |
| BETTIE JOYCE ALLEN | |

6.      That the Plaintiff should be awarded damages to compensate for physical as well as emotional pain and suffering, mental anguish, and loss of capacity for the enjoyment of life, experienced in the past or to be experienced in the future?

Answer Yes or No _____.

6(a).   If you answered "Yes" to Question 6, what is the total amount of Plaintiff's damages for pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation of a disease or physical defect and loss of capacity for the enjoyment of life sustained in the past and to be sustained in the future?

$_____.

(6(b)   Listed in column (1) below are the defendants whose deliberate indifference you could have found to have proximately caused the damages to the Plaintiff addressed in question 6. Please list in column (2) the dollar amount of actual damages caused by that defendant. (The total of the amounts in column (2) must equal the amount in your answer to question 6(a)).

| (1) Defendant(s) | (2) $ Amount |
| --- | --- |
| PRISON HEALTH SERVICES, INC. | |
| JOSEPH A. RICHARDS | |
| BETTIE JOYCE ALLEN | |

7.   That the Plaintiff should be awarded $1 in nominal damages?

Answer Yes or No _____.

8.     That the Defendant(s) acted with malice or reckless indifference to the Plaintiff's federally protected rights and that punitive damages should be assessed against the Defendant(s)?

### As to Defendant Prison Health Services, Inc.:

Answer Yes or No _____.

If you answered Yes, in what amount? $_____.

### As to Defendant Joseph A. Richards:

Answer Yes or No _____.

If you answered Yes, in what amount? $_____.

### As to Defendant Bettie Joyce Allen:

Answer Yes or No _____.

If you answered Yes, in what amount? $_____.

SO SAY WE ALL.

_____
Foreperson

DATED:_____