UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**BRETT FIELDS,**

               **Plaintiff,**

vs.                                    Case No. 2:09-cv-529-FtM-29DNF

**PRISON HEALTH SERVICES, INC.,** a
Tennessee corporation, **JOSEPH A.
RICHARDS, JR.,** an individual and
**BETTIE JOYCE ALLEN,** an
individual,

               **Defendants.**
_____

COURT'S INSTRUCTIONS
TO THE JURY

**Members of the Jury:**

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions – what we call your deliberations.

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses, whether in person or by deposition, and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

**Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.**

**Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.**

**In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the**

witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness' testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

The fact that a witness has been convicted of a felony offense is another factor you may consider in deciding whether you believe that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether

-4-

it has to do with an important fact or with only an unimportant detail.

You should evaluate the credibility of the Plaintiff in the same way that you evaluate the credibility of any witness.

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

When a witness has been or will be paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such a witness where court testimony is given with regularity and represents a significant portion of the witness' income.

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence."  This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

In your deliberations, you will consider and decide three distinct claims.

1. The claim against PRISON HEALTH SERVICES, INC.;
2. the claim against JOSEPH A. RICHARDS; and
3. the claim against BETTIE JOYCE ALLEN.

Although these claims have been tried together, each is separate from the other, and each party is entitled to have you separately consider each claim as it affects that party. Therefore, in your deliberations, you should consider the evidence as it relates to each claim separately, as you would had each claim been tried before you separately.

In this case the Plaintiff claims that each Defendant, while acting "under color" of state law, intentionally violated the Plaintiff's rights under the Eighth Amendment to the Constitution of the United States. Specifically, the Plaintiff claims that while the Defendants were acting under color of state law the Defendants intentionally violated the Plaintiff's right not to be subjected to cruel and unusual punishment under the Eighth Amendment to the Constitution. More specifically, the Plaintiff claims that each Defendant

was deliberately indifferent to the Plaintiff's serious medical needs.

Under the Eighth Amendment any person who is convicted and detained under state law is entitled to necessary medical care, and any individual or corporate entity acting under color of law would violate that right if they were deliberately indifferent to an inmate's serious medical need. Stated another way, to be deliberately indifferent to an inmate's serious medical need amounts to the imposition of cruel and unusual punishment in violation of the Eighth Amendment.

In order to establish his claim, Plaintiff must prove each of the following facts by a preponderance of the evidence as occurring between on or about August 7, 2007 and on or about August 9, 2007:

- <u>First</u>: That the Plaintiff had a "serious medical need,"

- <u>Second</u>: That the Defendant was aware of the Plaintiff's serious medical need;

- <u>Third</u>: That the Defendant, with deliberate indifference, failed to provide the necessary medical care;

>   <u>Fourth</u>: That in so doing the Defendant acted "under color" of state law; and
>
>   <u>Fifth</u>: That the Defendant's acts were the proximate or legal cause of the damages sustained by the Plaintiff.

With regard to Prison Health Services, Inc. there is an additional fact Plaintiff must prove.

>   <u>Sixth</u>: That the deprivation of Plaintiff's constitutional right was the direct result of the corporation's custom, policy or practice.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

A "serious medical need" is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a lay person would easily recognize the necessity for prompt medical attention.

As to the individual Defendants, deliberate indifference or intentional conduct is required before any violation of the Constitution occurs. Mere negligence or a lack of reasonable care on the part of the individual Defendants is not enough; the Plaintiff must prove deliberate and intentional conduct

resulting in a deprivation of the Plaintiff's constitutional rights through the infliction of cruel and unusual punishment.

Circumstantial evidence can be used to establish subjective awareness and deliberate indifference. A complete denial of readily available treatment for a serious medical condition obviously constitutes deliberate indifference. Even where medical care is ultimately provided, an individual Defendant may nonetheless act with deliberate indifference by intentionally delaying the treatment of serious medical needs without justification, even for a period of hours. The reason for the delay and the nature of the medical need are relevant in determining what type of delay is constitutionally intolerable. A plaintiff seeking to show deliberate indifference by a delay in medical treatment must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment.

Deliberate indifference may also be established by a showing of grossly inadequate care, as well as by a decision to take an easier but less effective course of treatment. Moreover, when the need for treatment is obvious, medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference.

With regard to the fourth required element of proof - - that the Defendants acted "under color" of state law - - that fact is not disputed in this case and you may accept that fact as proved as to each Defendant in this case.

With regard to the fifth required element of proof - - that a Defendant's acts were the proximate or legal cause of damages sustained by the Plaintiff - - remember that for damages to be the proximate or legal result of a constitutional deprivation, it must be shown that, except for the constitutional deprivation, such damages would not have occurred.

In this case, the corporate defendant, PRISON HEALTH SERVICES, INC., can be held liable only if you find that the deprivation of the Plaintiff's constitutional rights was the direct result of the corporation's execution of a policy or custom.  The corporate entity is responsible only when an injury is inflicted through the execution of its policy or custom, whether made by its policymakers or by those whose decisions or acts may be fairly said to represent official policy or custom.  It is not enough merely to show that a corporate employee caused the Plaintiff's injury.

A "policy" often refers to formal rules or understandings -often but not always committed to writing- that are intended to, and do, establish fixed plans of action to be followed under similar circumstances consistently and over time. A "policy" is a specific decision or set of decisions designed to carry out such a chosen course of action.

"Custom" means any permanent, widespread, well-settled practice of the defendant corporation. A corporation may be held liable for constitutional deprivations visited pursuant to a company "custom" even though such a custom has not received formal approval through the corporation's official decision-making channels.

A corporate entity may not be held liable for a policy or custom unless that policy or custom demonstrates a deliberate indifference to a substantial risk of serious harm, and there is a direct causal link between the policy or custom and the injury suffered by Plaintiff.

If you find for the all the Defendants, you will not need to consider the matter of damages.

If you find for the Plaintiff and against one or more of the Defendants, you will then consider the Plaintiff's claim for damages.

In considering the issue of the Plaintiff's damages, you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize one or more of the Defendants. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they also cover both the mental and physical aspects of Plaintiff's injury -- tangible and intangible. Thus, no evidence of the value of such intangible things as physical and emotional pain and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of

damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

    (1) Physical as well as emotional pain and mental anguish;

    (2) Nominal damages (as explained in these instructions);

    (3) Punitive damages, if any (as explained in these instructions).

As to the first component you may consider:

    (a) Any bodily injury sustained by the Plaintiff and any resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, experienced in the past or to be experienced in the future. There is no exact standard for measuring such damage. The amount should be fair and just in light of the evidence.

    (b) The reasonable expense of hospitalization and medical and nursing care and treatment necessarily or reasonably obtained by the Plaintiff in the past.

    (c) Any loss of ability to earn money sustained in the past and any such loss in the future.

Any amount of damages which you allow for loss of ability to earn money in the future, should be reduced to its present

money value. The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate the Plaintiff for these losses as they are actually experienced in future years.

You are authorized to award $1 in nominal damages if you find for the Plaintiff but also find that Plaintiff's damages have no monetary value.

The Plaintiff also claims that the acts of each Defendant were done with malice or reckless indifference to the Plaintiff's federally protected rights so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages.

If you find for the Plaintiff, and if you further find that any Defendant did act with malice, or reckless indifference to the Plaintiff's federally protected rights, the law would allow you, in your discretion, to assess punitive damages against that Defendant as punishment and as a deterrent to others.

When assessing punitive damages, you must be mindful that punitive damages are meant to punish the Defendant for the specific conduct that harmed the Plaintiff in the case and for only that conduct. For example, you cannot assess punitive damages for the Defendant being a distasteful individual or business. Punitive damages are meant to punish the Defendant for this conduct only and not for conduct that occurred at another time. Your only task is to punish the Defendant for the actions he, she or it took in this particular case.

If you find that punitive damages should be assessed against a Defendant, you may consider the financial resources of the Defendant in fixing the amount of such damages and you may assess punitive damages against one or more of the Defendants, and not others, or against more than one Defendant in different amounts.

If a preponderance of the evidence shows that the Plaintiff has been permanently injured, you may consider the Plaintiff's life expectancy. The mortality tables received in evidence may be considered in determining how long the claimant may be expected to live. Bear in mind, however, that life expectancy as shown by mortality tables is merely an

estimate of the average remaining life of all persons in the United States of a given age and sex having average health and ordinary exposure to danger of persons in that group. So, such tables are not binding on you but may be considered together with the other evidence in the case bearing on the Plaintiff's own health, age, occupation and physical condition, before and after the injury, in determining the probable length of the Plaintiff's life.

When considering life expectancy in determining future damages, you should bear in mind, of course, the distinction between entire life expectancy and work life expectancy, and those elements of damage related to future income should be measured only by the Plaintiff's remaining work life expectancy.

Under the law, any award made to the Plaintiff in this case for past or future lost earnings is not subject to federal or state income tax. Therefore, in computing the amount of any damages that you may find the Plaintiff is entitled to recover for lost earnings, the Plaintiff is entitled to recover only the net, after-tax income. In other

words, the Plaintiff is entitled to recover only "take-home pay" that you find the Plaintiff has lost in the past, or will lose in the future.

If you find for the Plaintiff you must not take into account any consideration of attorneys fees or court costs in deciding the amount of Plaintiff's damages.  The matter of attorney's fees and court costs will be decided later by the Court.

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of

the jury.  While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.


[Explain verdict]


You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note

to the Court Security Officer who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.