```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION
```

BRETT FIELDS,

               Plaintiff,

vs.                         Case No.   2:09-cv-529-FtM-29DNF

CORIZON HEALTH, INC., f/k/a PRISON
HEALTH SERVICES, INC.,[1] a Tennessee
corporation, JOSEPH A. RICHARDS,
JR., an individual and BETTIE JOYCE
ALLEN, an individual,

               Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion for Attorneys' Fees and Costs (Doc. #116, Motion) and Supplement to His Motion for Award of Attorney and Costs (Doc. #136, Supplement).[2] Defendant Prison Health Services, Inc. ("PHS") filed a Response to Plaintiff's Motion and Supplement (Doc. #138, Response), and Plaintiff filed a Motion to Strike PHS' Response (Doc. #139), because it was untimely filed by two days. On October 25, 2011, PHS filed a Response to Plaintiff's Motion to Strike PHS' Response

---

[1]On December 5, 2011, the Court directed the Clerk to enter an Amended Final Judgment reflecting that Defendant PHS is now known as "Corizon Health, Inc., f/k/a Prison Health Services, Inc." (Doc. #149). An Amended Judgment was entered on January 13, 2012 (Doc. #150). However, for purposes or this Order, the Court will use "Prison Health Services" or "PHS" when referring to the Defendant.

[2]Plaintiff also filed a Notice of Correction/Clarification to his Supplement (Doc. #141) to advise the Court of a mathematical error in Paragraph 4 of the Supplement.

(Doc. #146). The Court without further discussion will deny Plaintiff's Motion to Strike PHS' Response (Doc. #139). The Court will turn to Plaintiff's Motion for Attorneys' Fees and Costs.

## I. Background

Plaintiff Brett Fields ("Plaintiff" or "Fields") brought a civil rights action pursuant to 42 U.S.C. § 1983 alleging an Eighth Amendment claim for deliberate indifference to Plaintiff's serious medical condition while Plaintiff was confined in the Lee County Jail. See generally Second Amended Complaint (Doc. #57). The Complaint alleged, in Count I, a custom, policy or practice against the contracted medical provider for the Jail, Prison Health Services, Inc. ("PHS"); in Count II, a claim for deliberate indifference to Plaintiff's serious medical conditions against the physician assistant employed by PHS, Joseph A. Richards, Jr. ("Richards"); and in Count III, a claim for deliberate indifference to Plaintiff's serious medical condition against a nurse employed by PHS, Joyce Allen ("Allen"). On February 14, 2011, the Court denied Defendants' Motion for Summary Judgment (Doc. #89).

A four-day jury trial was held in March 2011. The jury returned defense verdicts in favor of Defendants Richards and Allen, but found, by the preponderance of the evidence, that PHS was deliberately indifferent to Plaintiff's serious medical needs and that Defendant PHS' acts were the proximate cause of Plaintiff's damages. Doc. #113. The jury determined that

Plaintiff was entitled to $700,000 in compensatory damages and $500,000 in punitive damages. Id. The Court entered Final Judgment in favor of Plaintiff on March 22, 2011 (Doc. #114). On September 2, 2011, the Court denied PHS' Motion for Judgment as a Matter of Law and Motion for a New Trial (Doc. #135).

## II. Applicable Law

Plaintiff, as the prevailing party, seeks $204,509.48 in attorney's fees and costs pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, the Civil Rights Act of 1991, and 42 U.S.C. § 1988. Doc. #141 at 1. In particular, Plaintiff seeks attorney fees in the amount of $187,860.00 for two attorneys, who represented plaintiff throughout the course of this litigation, including at trial and in post-judgment motions. Additionally, Plaintiff seeks $16,649.48 in reimbursable costs. In support of their Motion, Plaintiff attaches detailed records from each counsel of the number of hours billed with a description of the expended hours (Doc. #116, Exhs. 3-4), as well as an affidavit prepared by attorney Heyer in support of counsel's Motion (Doc. #116, Exh. 8).[3]

Because this is a civil rights action brought pursuant to 42 U.S.C. § 1983, the cost-shifting provision of § 1988 applies. Section 1988 provides that a prevailing party in certain civil rights actions may recover "a reasonable attorney's fee as part of

---

[3]The Court does not find any fee requested for attorney Heyer, who provided an Affidavit Regarding Plaintiff's Motion for Award of Attorney Fees. See Jonas v. Stark, 758 F.2d 567 (11th Cir. 1985).

the costs. . . ." 42 U.S.C. § 1988(b). Perdue v. Kenny A. ex. rel. Winn, ___ U.S. ___, 130 S. Ct. 1662, 1671 (2010). A party is considered a "prevailing party" if "they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Farrar v. Hobby, 506 U.S. 103, 109 (1992) (citations omitted). There must be some change in the legal relationship and some relief on the merits of the claim achieved, with a resulting enforceable judgment. Id. at 111. Defendant does not dispute that Plaintiff is the prevailing party and is entitled to a fee award. Doc. #138 at 2. However, Defendant, "contests both the fee rate and the reasonableness of some fees and costs." Id.

### A. Reasonable Rate

The "lodestar" method is the proper method to calculate a reasonable fee award in this action. Perdue v. Kenny, 130 S. Ct. at 1672. A "reasonable fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." Id. at 1673 (citations omitted). This method utilizes "the prevailing market rates in the relevant community," is "readily administrable," and "objective." Id. (internal quotations and citations omitted); see also Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988)(defining a reasonable hourly rate as "the prevailing market rate in the

relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation").

The reasonable attorney fee is then calculated by multiplying the reasonable hourly rate by the number of hours reasonably expended. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Because the lodestar figure includes most of the relevant factors in determining a reasonable fee, enhancement to the calculated fee is permitted, but only in "rare" and "exceptional cases." Perdue, 130 S.Ct. at 1673. Plaintiff does not suggest that this matter warrants enhancement. See generally Doc. #116.

Based upon the Affidavit of Barbara Heyer, Plaintiff requests $300.00 per hour for attorneys Dion Cassata and Greg Lauer as an appropriate and reasonable hourly rate in this matter. Doc. #116 at 8. Ms. Heyer, who has been practicing law since 1982, and specializing and actively litigating § 1983 cases since 1983, opines that "civil rights litigation involving alleged misconduct by law enforcement agencies is not sought out by other attorneys due to the very real possibility of protracted, complex litigation, and a great reluctance of defendants to resolve these matters prior to trial." Doc. #116-8 at 4, ¶11. According to Ms. Heyer, due to the "amount of work required in these complex cases . . . rates . . . charged by attorneys in comparable cases" range "between $250.00 and $800.00 per hour." Id. at ¶12. Consequently, based upon Mr. Lauer and Mr. Cassata's experience, and the fact that Plaintiff prevailed on a *Monell* theory of liability, Ms. Heller

-5-

concludes that $300.00 per hour is a "reasonable hourly rate" in this matter. Id., ¶¶15-16.

Defendant disagrees. Defendant requests a 50% reduction in the hourly fee rate, and suggests that the $150.00 hourly fee recommended by Magistrate Chappell and adopted by Judge Magnuson for a § 1983 case in <u>Angiolillo v. Bates</u>, Case No. 2:08-cv-606-99SPC, 2010 WL 916337 (M.D. Fla. 2010), should be adopted by this Court. The Court finds the <u>Angiolillo</u> case distinguishable from the instant case for a number of reasons. Mr. Jolly and Mr. Guiffreda, the attorneys in the <u>Angiolillo</u> case, were representing the Defendants, the Collier County Sheriff and various individually named officers. The <u>Angiolillo</u> case did not proceed to trial. Instead, the Defendants prevailed on their pretrial dispositive motions and were awarded fees due to a finding that Plaintiff's complaint was frivolous, unreasonable or without foundation. Consequently, neither the complexity nor the duration of the <u>Angiolillo</u> case and the instant action are comparable. Further, and particularly significant to the <u>Angiolillo</u> case is the fact that the Magistrate Judge recognized that the "average rate charged in the Southwest Florida region is approximately $200.00 per hour," but noted that both Mr. Jolly and Mr. Guiffreda had only billed their clients at the rate of $150.00 per hour as their standard fee. <u>See</u> Report and Recommendation dated February 24, 2010.[4]

---

[4]The Court assumes that the reduction in billing is reflective
(continued...)

Thus, the Court finds that the rate charged by Mr. Jolly and Mr. Guiffreda is neither relevant nor persuasive in determining a reasonable fee for attorneys Lauer or Cassatta in the instant matter.

After reviewing the entire record, including this Court's prior determination of a reasonable hourly rate in a civil rights action,[5] the Court concludes that $300.00 per hour is a reasonable rate for each of Plaintiff's attorneys in this particular case. In arriving at this rate, the Court considered the complexity of this particular civil rights case, coupled with its contingent and protracted nature, the experience of Plaintiff's counsel, and the scarcity of local counsel willing to undertake these types of cases.[6]

---

[4](...continued)
of the fact that Mr. Jolly and Mr. Guiffreda are frequently retained by the Collier County Sheriff in the defense of Section 1983 action, and indeed counsel may have a formal retention agreement with the Collier County Sheriff.

[5]Notably, in 2003, this Court determined that $260.00 was a reasonable hourly rate in an ADA case, noting that at that time not many local attorneys were willing to bring such a case. Assoc'n for Disabled Ams., Inc. v. Lehill Partner L.P., Case Number 2:00-cv-320-FtM-29DNF, 2003 WL 24206193 *3 (M.D. Fla. 2003).

[6]Indeed, the Court has had to solicit *pro bono* representation for various civil litigants from outside the Southwest Florida area. Additionally, the legislative history of section 1988 expressly stated that "[i]t is intended that the amount of fees awarded . . . be governed by the same standard which prevail in other types of equally complex Federal litigation, such as antitrust cases . . . ." Senate Report at 6 (1976) U.S. Code Cong. & Ad. News at 5913.

**B.   Reasonable Hours**

Plaintiff has provided time sheets showing 232.9 hours for attorney Lauer and 321.60 hours for attorney Cassatta, for a total of 554.50 hours expended by counsel to prosecute this action through trial. Doc. #116-8 at 6, ¶17(a). Additionally, attorneys Lauer and Cassatta spent an additional 14.2 hours and 57.5 hours, responding to Defendant's post-trial motions (Doc. #136-1). Defendant suggests various reductions to the total billable hours submitted by attorneys Lauer and Cassatta.  Having reviewed the submissions, the Court agrees in part.

The Court finds that the following entries of attorney Lauer for clerical as opposed to legal work should be deleted:

| DATE | TIME DEDUCTED |
|---|---|
| 05/15/09 | 15 |
| 11/29/09 | 10 |
| 07/04/10 | 10 |
| 07/27/10 | 10 |
| 10/14/10 | 20 |
| 12/18/10 | 10 |
| 02/10/11 | 30 |
| 01/17/10 | 05 |
| 02/17/11 | 20 |
| 02/23/11 | 10 |
| 02/25/11 | 15 |
| 03/03/11 | 05 |

| TOTAL | 130 (minutes) 2.2 (rounded up in hours) |

Similarly, the following entries of attorney Cassatta for clerical and legal work relating to Sheriff Scott, who was voluntarily dismissed from this action, should be deleted:

| DATE | TIME DEDUCTED |
|---|---|
| 08/19/09 | .5 |
| 08/28/09 | .1 |
| 09/25/09 | 1.1 (50%) |
| 10/06/09 | .4 |
| 10/07/09 | .1 |
| 10/23/09 | .1 (50%) |
| 10/26/09 | .3 |
| 11/06/09 | .3 |
| 12/07/09 | .3 |
| 01/03/10 | 1.2 (50%) |
| 01/04/10 | 2.7 (50%) |
| 02/16/10 | .1 |
| 03/08/10 | .1 |
| 06/02/10 | .2 |
| 06/07/10 | .1 |
| 06/08/10 | .1 |
| 07/15/10 | .2 |
| 08/11/10 | 1.4 |
| 08/27/10 | .3 |
| 10/04/10 | .1 |

| 02/22/11 | .3 |
|---|---|
| **TOTAL** | **10.0 hours** |

Defendant also requests that 1135 minutes (18.9 hours) and 29 hours of attorneys Lauer and Cassatta's time be eliminated, because this time represents travel time from Fort Lauderdale to Fort Myers. The Court finds that travel hours are proper, but opines that counsel should not be reimbursed for travel at the same rate as for performing legal work. See, e.g., Perdue v. Kenny A. Ex. Winn, 130 S. Ct. at 1670. Consequently, the Court will reduce the hourly rate by 50% ($150.00 hour) for time attributable to travel.

Finally, Defendant objects to the time Plaintiff's counsel spent (attorney Lauer 14.2 hours and attorney Cassatta 57.5 hours) in preparing a response to Defendant's post-trial motions as "excessive." Doc. #138 at 7. Defendant argues that "nearly all the arguments and evidence was included" in Plaintiff's previous response to Defendant's motion for summary judgment, for which Plaintiff already billed 63.8 hours. Id. Thus, Defendant suggests a flat 50% reduction to the hours billed by counsel.

The Court has reviewed the record and the submissions by Plaintiff's counsel in support of their billings. Doc. #136-1. Counsel provides detailed billing records reflecting the time spent in preparing Plaintiff's response. Id. at Exhs. 10 and 11. Defendant does not opine which of the particular entries reflect excessive time or time improperly billed. Further, upon review of

the record, the issues raised in the post-conviction Rule 50 and Rule 59 motion were not "exactly the same" as the issues raised in Defendants' Rule 56 motion. Moreover, in preparing a proper response to the motion, counsel was required to review the transcripts and the exhibits from a four-day jury trial. Thus, the Court finds that the fees billed for preparing a response to Defendant's post trial motions were reasonable and not excessive. Additionally, the Court finds Defendant's other objections to the time billed by Plaintiff's counsel to be unpersuasive and/or without merit.

Based upon the foregoing, attorneys Lauer and Cassatta's hours requested will be reduced as follows:

(1) attorney Lauer's requested 247.1 hours will be reduced by 2.2 hours leaving a balance of 244.9 hours, less 18.9 hours reimbursable at 50% of fee for a total of $70,635.00 [(226 x $300.00) + (18.9 x $150.00)].

(2) attorney Cassatta's requested 379.1 hours will be reduced by 10 hours leaving a balance of 369.1 hours, less 29 hours reimbursable at 50 % fee for a total of $ 106,380.00 (340.1 x $300.00) + (29 x $150.00)]. Plaintiff will therefore be awarded attorney fees totaling **$177,015.00**.

   **C.   Expenses/Costs**

Plaintiff also seeks expenses and/or costs totaling $16,649.48. Doc. #116 at 9. Plaintiff submits a detailed

itemization of the expenses incurred in the prosecution of this action. Doc. #116-5, Exh. 5. Defendant concedes that costs in the amount of $7637.52 are properly taxable. Doc. #138 at 9. Defendant, citing to Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920, objects to the following costs: $5,437.50 in expert fees, $200.00 for suits for court; $1974.85 for food and lodging; $699.61 for gas, tolls and parking; and $700.00 for mediation fee. Id.

At the outset, Rule 54(d) and 28 U.S.C. § 1920 do not control the types of expenses that are recoverable as costs in a § 1983 action. Instead, 42 U.S.C. § 1988 governs the fees and expenses costs permitted by a prevailing party in a § 1983 action. Dowdell v. City of Apopka, Fla., 698 F.2d 1181, 1188-89 (11th Cir. 1983)(reversing denial of travel related expenses by district court noting that district court incorrectly applied Rule 54(d) and § 1920 instead of § 1988 to defendants request for costs). The Eleventh Circuit has made clear that "[t]he issue of which expenses are properly chargeable to the defendants under section 1988 is not settled by reference to any predetermined list of items." Id. at 1189. Instead,

> [r]easonable attorneys' fees under the Act must include reasonable expenses because attorneys' fees and expenses are inseparably intertwined as equally vital components of the costs of litigation. The factually complex and protracted nature of civil rights litigation frequently makes it necessary to make sizeable out-of-pocket expenditures which may be as essential to success as the intellectual skills of the attorneys. If these costs are not taxable, and the client, as is often the case, cannot afford to pay for them, they must be borne by counsel, reducing the fees award correspondingly.

Id. at 1190.

Defendant cites to West Virginia Univ. Hosp. v. Casey, 499 U.S. 83, 102 (1991), for the proposition that "expert witness fees can not be awarded to prevailing parties in a section 1983 action." Id. However, Casey was abrogated by statute, and courts are now expressly authorized to include expert fees and costs awarded under the fee-shifting provisions of 42 U.S.C. § 1988. 42 U.S.C. § 1988(c)(providing that expert fees are recoverable); see also Landgraf v. USI Film Prods., 511 U.S. 244, 251 (1994)(recognizing that Congress enacted subsection (c) to section 1988 "with Casey's erroneous result in mind."). Nonetheless, Dr. Emery did not testify at trial. Further, Plaintiff acknowledges the $3200.00 "trial fee" is "possibly refundable." Doc. #116-5 at 2. Consequently, because it is unclear whether Plaintiff was assessed the full amount of these expert fees, the Court will deduct the $3200.00 requested for Dr. Emery, without prejudice, to Plaintiff.

The Court agrees that the $200.00 for "suits for court" is not a reimbursable cost.[7] However, the Court rejects Defendant's objection to the $700.00 incurred by Plaintiff in mediation fees. While the Court recognizes that the Eleventh Circuit has recently found mediation fees not taxable under 28 U.S.C. § 1920 to a

---

[7]The Court assumes that the suits were purchased for Plaintiff, and further assumes that Plaintiff kept the suits. See Blissett v. Casey, 969 F. Supp. 118, aff'd 147 F.3d 218 (2d Cir. 1997)(finding clothes obtained for court for prevailing prisoner-plaintiff in section 1983 case is not reasonable out-of-pocket expense normally charged fee-paying client.)

prevailing party in a Fair Debt Collection Practices Act case, <u>Nichols v. Allianceone Receivables Mgmt., Inc.</u>, No. 11-13764, 2012 WL 48033 (11th Cir. Jan. 10, 2012), these are exactly the type of reasonable expenses that an attorney would normally charge to a fee-paying client; and, thus are recoverable under the fee-shifting § 1988 statute applicable in a civil rights action. <u>See</u> <u>Williams v. ConAgra Poultry Co.</u>, No. 03-2976, 113 F. App'x 725, 728 (8th Cir. Nov. 4, 2004); <u>Martinez v. U.S.</u>, 94 Fed. Cl. 176, 188 (2010). Further, the Court expressly provided in its November 2, 2009 Case Management and Scheduling Order that the prevailing party's share of the mediator's compensation "may be taxed as costs in this action." Doc. #23 at 7, ¶E.

Finally, the Court finds that the travel expenses incurred by counsel are appropriate and may be taxed as long as the travel expenses are reasonable. <u>See</u> <u>Dowdell v. City of Apopka</u>, 698 F.2d at 1188-89 ("[W]ith the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under section 1988."). There are three entries for lodging submitted by Plaintiff's counsel in their itemized expenses. <u>See</u> entries dated 3/17/11 ("Room and Board Hibiscus House"), 3/13-3/18/11 ("Indigo Room and Board") and 3/18/11 ("Hotel Indigo"). Additionally, there are additional entries for lunch, dinner and breakfasts on various days. The Court finds it

reasonable and more efficient to reimburse counsel on a *per diem* rate of $120.00/ day for hotel and $30.00/day for food for each counsel for a period of five days (the day before the start of the trial and the remainder of the four-day trial).

Based upon the foregoing, Plaintiff's request for $16,649.48 in expenses will be reduced as follows:

| DATE | ITEM | AMOUNT DEDUCTED |
|---|---|---|
| 3/03/11 | Suits for court-Fields | 200.00 |
| 3/10/11 | #1308 Emery trial fee | 3200.00 |
| 3/13/11 | dinner | 18.77 |
| 3/15/11 | lunch | 22.10 |
| 3/15/11 | breakfast | 15.28 |
| 3/16/11 | lunch w/BF | 26.50 |
| 3/17/11 | room & board-Hisbus House,LLC 3/18 | 154.29 |
| 3/18/11 | publix-food | 26.24 |
| 3/13-3/18/11 | room & board - Indigo | 1585.69 |
| 3/18/11 | Hotel Indigo bill | 795.12 |
| 3/18/11 | French Connection Rest. | 31.73 |
| 3/18/11 | Starbucks-lunch | 21.37 |
| 3/19/11 | Starbucks-breakfast | 16.34 |
| **TOTAL** | | **$6,113.43** |

Consequently, the Court will taxt **$12,036.05** as expenses in this matter ($16,649.48 less $10,536.05 as detailed above, plus $1500.00 representing *per diem* rate for two counsel for five days).

Accordingly, it is now

-15-

**ORDERED:**

1. Plaintiff's Motion to Strike PHS' Response (Doc. #139) is **DENIED.**

2. Plaintiff's Motion for Attorneys' Fees and Costs (Doc. #116) is **GRANTED** in part, to the extent that the Court will award **$177,015.00** in attorney fees and **$12,036.05** in expenses.

3. The Clerk of the Court shall enter an Amended Judgment accordingly, for which let execution issue.

**DONE AND ORDERED** at Fort Myers, Florida, on this __19th__ day of January, 2012.

                                    _____
                                    JOHN E. STEELE
                                    United States District Judge

SA: hmk
Copies: All Parties of Record